UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

ALAN GULKIS, individually and on behalf of
all others similarly situated,

                Plaintiff,

       -against-

ZICAM LLC and MATRIXX INITIATIVES,
INC.,

              Defendants.

------------------------------------- X

Case No. 7:15-cv-09843 (CS)

**DEFENDANTS' ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT**

JURY TRIAL DEMANDED

Defendants Matrixx Initiatives, Inc. ("Matrixx") and Zicam LLC ("Zicam") (collectively "Defendants") hereby answer the Class Action Complaint ("Complaint") of Plaintiff Alan Gulkis ("Plaintiff"), as follows:

## NATURE OF ACTION

1.     Defendants admit that Plaintiff purports to bring this action as a class action, but deny that this case is amenable to class treatment. Defendants state that the labeling and advertising for each of the Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context. To the extent statements attributed to Defendants in paragraph 1 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants deny that studies show "Zicam Pre-Cold Medicine" is no different than a placebo. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.     Defendants admit that this action targets the sale of Zicam Pre-Cold RapidMelts Original, Zicam Pre-Cold RapidMelts Ultra, Zicam Pre-Cold Oral Mist, Zicam Pre-Cold Ultra Crystals, Zicam Pre-Cold Lozenges, Zicam Pre-Cold Lozenges Ultra, and Zicam Pre-Cold

Chewables (hereinafter "Zicam Pre-Cold Products").  Defendants state that the labeling and advertising for each of the Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 2 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny that any representations regarding Zicam Pre-Cold Products are false and misleading.

3.      Defendants deny the allegations in paragraph 3 that any of their representations regarding any Zicam Pre-Cold Products are false.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.  Defendants state that the labeling and advertising of each of the Defendants' Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 3 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations that Zicam Pre-Cold Products are ineffective and further deny that the advertising claims and marketing practices were false and misleading. Defendants have insufficient knowledge to form a belief as to the truth of the allegations regarding Plaintiff's or members of the purported class' alleged purchase of Zicam Pre-Cold Products and therefore deny these allegations.  Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit that the Complaint seeks relief on behalf of Plaintiff and all New York purchasers of Zicam Pre-Cold Products, but deny that Plaintiff or purchasers are

entitled to any relief.  Defendants deny the remaining allegations in paragraph 6 of the Complaint.

**PARTIES**

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore deny them.

8.      Zicam admits that it is an Arizona Limited Liability Company with its principal place of business at 16412 North 92nd Street, Scottsdale, Arizona 85260.  Zicam admits it is engaged in the business of the manufacturing, marketing and selling of Zicam Pre-Cold Products under the Zicam brand name.  Zicam admits it is a wholly owned subsidiary of Matrixx Initiatives, Inc.  Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Matrixx admits that it is a Delaware corporation with its principal place of business located at 440 Rte. 22 East, 1 Grand Commons, Suite 130, Bridgewater, New Jersey.  Matrixx admits that it is in the business of the marketing and selling of Zicam Pre-Cold Products under the Zicam brand name.  Defendants state that the labeling of each of Defendants' Zicam Pre-Cold Products and Defendants' website speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in Paragraph 9 of the Complaint are not verbatim, accurate and complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.      Defendants admit they are engaged in the business of marketing and selling over-the-counter homeopathic cold remedy products under the Zicam brand name and that they conduct business throughout the state of New York.  Defendants deny the remaining allegations of paragraph 10 of the Complaint.

11.     Defendants deny the allegations of paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore deny them.

13.     Defendants admit they do business throughout this district.  Defendants are without information sufficient to form a belief as to the remaining allegations of paragraph 13 of the Complaint and therefore deny them.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14.     Defendants admit that zincum aceticum and zincum gluconicum are the active ingredients in the Zicam Pre-Cold Products and that all Zicam Pre-Cold Products contain those ingredients in homeopathic strengths.

15.     Defendants state that the labeling for each of the Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 15 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that Zicam Pre-Cold Products contain zinc gluconate and/or zinc acetate in homeopathic strengths as set forth on their labels.  Defendants deny the remaining allegations of paragraph 15 of the Complaint.

16.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 16 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations of paragraph 16 of the Complaint.

17.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 17 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the term "Pre-Cold" is described and defined on the label of Zicam Pre-Cold Products. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 18 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that Zicam Pre-Cold Products reduce the duration of and shorten colds.  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 19 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that Zicam Pre-Cold Products reduce the severity of cold symptoms.  Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants admit that Matrixx retained the design firm of Beardwood & Co. to help design the packaging for Zicam Pre-Cold Products.  Defendants state that the quotes of Ms. Julia Beardwood speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the quotes from Ms. Beardwood are not

verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context. To the extent statements attributed to Defendants in paragraph 21 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants deny the remaining allegations of paragraph 21 of the Complaint.

22.     Defendants state any quotes of Leslie Molloy speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the quotes attributable to Ms. Malloy or Defendants in paragraph 22 of the Complaint are not verbatim, accurate, or complete and used within the correct context, Defendants deny them. Defendants admit that the Pre-Cold logo is on the label of Zicam Pre-Cold Products. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster" on national television. Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the statements attributed to Defendants in paragraph 23 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants admit the allegations of paragraph 25 of the Complaint.

26.     Defendants admit the allegations of paragraph 26 of the Complaint.

27.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold

Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 27 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 27 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 28 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 28 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 29 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 29 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 29 of the Complaint.

30.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 30 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 30 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 30 of the Complaint.

31.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 31 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 31 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 31 of the Complaint.

32.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 32 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 32 is from the

commercial and, except as expressly admitted, deny the remaining allegations in paragraph 32 of the Complaint.

33.    Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 33 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 33 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 33 of the Complaint.

34.    Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 34 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 34 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 34 of the Complaint.

35.    Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 35 of the Complaint are not verbatim, accurate, complete and used within the correct context,

Defendants deny them.  Defendants admit that the still image in paragraph 35 is from the commercial and, except as expressly admitted, deny the remaining allegations in paragraph 35 of the Complaint.

36.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 36 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37.     Defendants admit the allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants admit that Zicam was the subject of a Direct Marketing News article. The article speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements from the article in paragraph 40 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants state that the labeling of Zicam Pre-Cold Products and the Zicam website speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent statements attributed to the labeling of Zicam Pre-Cold Products and the Zicam website in paragraph 40 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the

"Cold Monster" image was added to Defendants' website in 2012. Defendants deny the remaining allegations in paragraph 40 of the Complaint.

41. To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 41 of the Complaint to the extent they are inconsistent with the contents of such document. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42. To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 42 of the Complaint to the extent they are inconsistent with the contents of such document. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43. To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 43 of the Complaint to the extent they are inconsistent with the contents of such document. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44. To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 44 of the Complaint to the extent they are inconsistent with the contents of such document. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45. To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 45 of the Complaint to the extent they are inconsistent with the contents of such document. Except as specifically admitted, Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46.     To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 46 of the Complaint to the extent they are inconsistent with the contents of such document.  Except as specifically admitted, Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47.     To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 47 of the Complaint to the extent they are inconsistent with the contents of such document.  Except as specifically admitted, Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48.     Defendants admit that Zicam Pre-Cold Products are clinically proven to shorten a cold.  Defendants state that Defendants' website speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 48 of the Complaint are not verbatim, accurate and complete and used within the correct context, Defendants deny them.  Defendants admit the efficacy of zinc in reducing the duration of a cold is supported by multiple clinical trials.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 48 of the Complaint.

49.     To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 49 of the Complaint to the extent they are inconsistent with the contents of such document.  Except as specifically admitted, Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants admit the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     To the extent Plaintiff alleges the contents of the document cited, that document speaks for itself, and Defendants deny the allegations in paragraph 57 of the Complaint to the extent they are inconsistent with the contents of such document.  Except as specifically admitted, Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the extent Plaintiff alleges the contents of the Food, Drug and Cosmetic Act or the Statutes and Regulations, the Act and Statutes and Regulations speak for themselves, and Defendants deny the allegations of Plaintiff to the extent they are inconsistent with the contents of the Act and Statutes and Regulations.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 58 of the Complaint.

59.     Paragraph 59 contains legal conclusions to which no response is required.  To the extent Plaintiff alleges the contents of the Food, Drug and Cosmetic Act or the Statutes and Regulations, the Act and Statutes and Regulations speak for themselves, and Defendants deny the allegations of Plaintiff to the extent they are inconsistent with the contents of the Act and Statutes and Regulations.  Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 59 of the Complaint.

60.     Defendants admit that the Zicam Pre-Cold Products are not required to go through the FDA's new drug application approval process.  Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.     To the extent Plaintiff alleges the contents of the document from which he quotes, that document speaks for itself, and Defendants deny the allegations in paragraph 61 to the extent that they are inconsistent with the contents of such document.  Except as specifically admitted, Defendants deny the remaining allegations of paragraph 61 of the Complaint.

## PLAINTIFF'S PURCHASE OF ZICAM PRE-COLD MEDICINE

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore deny them.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore deny them.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore deny them.

65.     Defendants deny that Zicam Pre-Cold RapidMelts and Oral Mist are not effective for treating cold symptoms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore deny them.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

## CLASS ACTION ALLEGATIONS

67.     Defendants admit that Plaintiff purports to bring this action as representative of a class consisting of all persons in New York who purchased Zicam Pre-Cold Products, but deny that this case is amenable to class treatment.  Defendants deny the remaining allegations of paragraph 67 of the Complaint.

68.     The allegations in paragraph 68 of the Complaint are not directed at Defendants and no response is required.  To the extent a response is required, Defendants deny the

allegations in paragraph 68 of the Complaint.  Defendants deny that this case is amenable to class treatment.

69.     The allegations in paragraph 69 of the Complaint are not directed at Defendants and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 69 of the Complaint.  Defendants deny that this case is amenable to class treatment.

70.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore deny them.

71.     Defendants admit that Zicam Pre-Cold Products were sold at major retailers across the United States, including Wal-Mart, CVS Pharmacy, Walgreens, Costco, Duane Reade, and Target, as well as through online retailers.  The remaining allegations in paragraph 71 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.  Defendants deny that this case is amenable to class treatment.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

## COUNT I
### (Deceptive Acts or Practices, New York Gen. Bus. Law § 349)

77.     Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 76 above, as though fully set forth herein.

78.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny this case is amenable to class treatment.

79.     The allegations in paragraph 79 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Complaint.

82.     Defendants deny the allegations of paragraph 82 of the Complaint.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants admit that Plaintiff seeks to enjoin allegedly unlawful acts and practices and to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 85 of the Complaint.

### COUNT II
### (False Advertising, New York Gen. Bus. Law § 350)

86.     Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 85 above, as though fully set forth herein.

87.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny this case is amenable to class treatment.

88.     Defendants deny the allegations of paragraph 88 of the Complaint.

89.     Defendants deny the allegations of paragraph 89 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Complaint.

92.     Defendants deny the allegations of paragraph 92 of the Complaint.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Defendants admit that Plaintiff seeks to enjoin allegedly unlawful acts and practices and to recover actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.  Except as expressly admitted, Defendants deny the allegations contained in paragraph 96 of the Complaint.

## COUNT III
### (Breach of Express Warranty)

97.     Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 96 above, as though fully set forth herein.

98.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny this case is amenable to class treatment.

99.     Defendants deny the allegations of paragraph 99 of the Complaint.

100.     The allegations in paragraph 100 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

101.     Defendants deny the allegations of paragraph 101 of the Complaint.

102.     Defendants deny the allegations of paragraph 102 of the Complaint.

## COUNT IV
### (Unjust Enrichment)

103.     Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 102 above, as though fully set forth herein.

104.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny this case is amenable to class treatment.

105.     The allegations in paragraph 105 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

106.    The allegations in paragraph 106 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

107.    Defendants deny the allegations of paragraph 107 of the Complaint.

108.    Defendants deny the allegations of paragraph 108 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed preparation for trial.  The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  Defendants reserve the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, Defendants do not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and do not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff and the putative class members (collectively "Plaintiffs") have the burden of proof or persuasion.

Subject to the preceding qualifications, Defendants allege the following separate affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state facts sufficient to constitute any claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims, and each of them, are barred by the applicable statutes of limitations, including but not limited to similar statutes of limitations and statutes of repose under the laws of other states applicable to the claims alleged.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's Complaint and each and every Cause of Action therein, is barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, because Plaintiffs have waived any right, by reason of their conduct and actions, to assert the causes of action alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because he lacks standing to assert them or to recover on behalf of the purported class.

## SEVENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are barred, in whole or in part, because state law claims as alleged in the Complaint are preempted in their entirety by federal law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Abstention)

The Complaint is precluded by the Doctrine of Abstention.

## NINTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

The Complaint is precluded based on the Doctrine of Primary Jurisdiction.

## TENTH AFFIRMATIVE DEFENSE
### (Class Certification)

Plaintiffs fail, in whole or in part, to meet the requirements for class certification.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Laws)

At all times applicable, Defendants complied with all applicable laws, industry standards, and regulations and state law safe harbors in New York shield Defendants from liability for undertaking actions specifically authorized by federal or state regulatory bodies.

## TWELFTH AFFIRMATIVE DEFENSE
### (Regulatory Compliance)

Plaintiff's claims are barred because Defendants complied with applicable statutes and with the requirements and regulations of the Food and Drug Administration and all applicable rules, regulations and guidelines for homeopathic remedies. *See, e.g.*, U.S. Const. art. VI, cl. 2.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Private Cause of Action)

Plaintiff's Complaint fails to state a claim against Defendants because there is no private right of action under the Federal Food, Drug and Cosmetic Act, as amended.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Private Cause of Action on "Fraud Against FDA")

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (First Amendment: Freedom of Speech)

Plaintiff's claims are barred in whole or in part because the commercial speech of Defendants relating to the Zicam Pre-Cold Products is not false or misleading and is protected under the First Amendment of the United States Constitution and comparable provisions in state constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Restitution Unconstitutional)

Plaintiff's claims are barred, in whole or in part, because any award of restitution (a) would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and of comparable provisions in state constitutions; (b) would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and comparable state constitutional provisions, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest; and, (c) would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution), and of comparable state constitutional provisions.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, because the Complaint fails to state a sufficient basis for the Court to grant any equitable relief as an adequate remedy exists at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Basis for Injunctive Relief)

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, because Plaintiff fails to state a sufficient basis for injunctive relief, in that there is no reasonable likelihood that Plaintiff will succeed on the merits of his claims, there is no threat of immediate or irreparable harm and no basis for injunctive relief under state and/or federal law, and because he is not likely to purchase the Zicam Pre-Cold Products in the future.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

If Plaintiff sustained damages as alleged in the Complaint, which is denied, Plaintiff failed to mitigate his damages.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Properly Plead Punitive or Treble Damages)

Plaintiff's Complaint fails to state facts sufficient to support an award of punitive or treble damages against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Constitutional Defects with Punitive, Enhanced and/or Exemplary Damages)

Plaintiff's claims are barred, in whole or in part, because any award of punitive, enhanced and/or exemplary damages in this case (a) would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and comparable state constitutional provisions, and would constitute an excessive fine under the Excessive Fines

Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution; (b) would violate the Fourth, Fifth and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; and (c) would violate the Contracts Clauses of the Unites States Constitution and comparable clauses in various state constitutions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Punitive Damages)**

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arise in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice of Alleged Breach of Warranty)**

Plaintiff failed to give notice of any alleged breach of any warranty within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach of warranty and is, therefore, barred from any recovery for such claims.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(No Warranties and Lack of Privity)**

There were no warranties, either express or implied, between Plaintiff and Defendants and/or Plaintiff is barred from asserting causes of action arising from any such alleged warranties because Plaintiff is not in privity with Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Disclaimer of Warranties)**

Defendants state that any and all alleged warranties that may form a basis for Plaintiff's claims for relief against Defendants were adequately disclaimed or excluded by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Collateral Estoppel/Issue Preclusion)

Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in part, by the doctrines of collateral estoppel and issue preclusion.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Joinder of Parties)

Plaintiff has failed to join all necessary and appropriate parties.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction to the extent that he (or any purported class member) sought and received a refund of the purchase price of the Zicam Pre-Cold Products.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Contributory Negligence/Comparative Negligence)

The injuries and damages claimed by Plaintiff resulted from his own conduct so that Plaintiff's claims are barred, in whole or in part, by the comparative negligence, fault, or responsibility of causation attributed to Plaintiff.  Thus, Plaintiff's claims should be dismissed, reduced, offset, or barred in accordance with the principles of contributory negligence and/or comparative negligence.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Third Party Fault)

The injuries and damages claimed by Plaintiff were caused, in whole or in part, by the acts or omissions of persons other than Defendants over whom Defendants had no control. Therefore, any recovery by Plaintiff should be apportioned in direct proportion to such fault in accordance with applicable law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(Res Judicata)**

Plaintiff's Complaint and the causes of action therein are barred, in whole or part, by the doctrine of *res judicata*.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**
**(Conduct Not Unfair, Unlawful, Deceptive, or False Advertising)**

Plaintiff's claims are barred, in whole or part, because Defendants' business practices are not "unfair," "unlawful," "deceptive," or "false advertising" within the meaning of the N.Y. General Business Law §§ 349 or 350.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**
**(Customer Satisfaction)**

Plaintiff's claims that Defendants' conduct is deceptive or fraudulent pursuant to any state or federal statute or principle of common law, are barred, in whole or in part, because Defendants' customers are satisfied with Defendants' products and services.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**
(Voluntary Payment)

Plaintiff's claims are barred, in whole or part, by the voluntary payment doctrine because Plaintiff voluntarily paid for the products about which he now complains with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**
(Statements Not Material)

Plaintiff's claims are barred, in whole or part, because the representations complained of, if any such representations were made, were not material and did not induce Plaintiff to enter into the transaction.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Lack of Reliance)

Plaintiff's claims are barred, in whole or part, because Plaintiff did not rely or reasonably rely on the alleged statements or conduct of Defendants.  To the extent Plaintiff fails to demonstrate that every putative class member relied on Defendants' representations, any finding of liability on a class-wide basis would violate Defendants' rights under the due process clause of the New York Constitution and the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

(1)     Plaintiff take nothing by reason of Plaintiff's Complaint;

(2)     Plaintiff's Complaint against Defendants is dismissed with prejudice in its entirety;

(3)     Defendants recover costs; and

(4)     This Court awards such other and further relief as this Court deems just and proper.

[*text continues on following page*]

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial by the maximum number of jurors allowed by law.

Dated: New York, New York  
February 18, 2016

Respectfully Submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ William A. Hanssen*  
William A. Hanssen (admitted *pro hac vice*)  
1800 Century Park East, Ste. 1500  
Los Angeles, California 90067  
Tel:  (310) 203-4000  
Fax: (310) 229-1285  
William.Hanssen@dbr.com

Alan J. Lazarus (admitted *pro hac vice*)  
Ashley K. Corkery (admitted *pro hac vice*)  
DRINKER BIDDLE & REATH LLP  
50 Fremont Street #2000  
San Francisco, California 94105  
Tel:  (415) 591-7500  
Fax:  (415) 591-7510  
Alan.Lazarus@dbr.com  
Ashley.Corkery@dbr.com

Emily T. Broach  
DRINKER BIDDLE & REATH LLP  
1177 Avenue of the Americas, 41st Floor  
New York, New York 10036  
Tel:  (212) 248-3140  
Fax:  (212) 248-3141  
Emily.Broach@dbr.com

Attorneys for Defendants  
ZICAM LLC and MATRIXX  
INITIATIVES, INC.