UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN GULKIS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>ZICAM LLC and MATRIXX INITIATIVES, INC.<br><br>      Defendants. | Civil Action No. 15-cv-09843-CS |

**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)**

The parties in the above-captioned matter have discussed a plan for discovery and submit the within Joint Report pursuant to Federal Rule of Civil Procedure 26(f).

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties have conferred telephonically through their respective counsel.  They have discussed schedules for the exchange of initial disclosures and discovery.  In accordance with these discussions, the parties jointly submit the following discovery plan and schedule for discovery.  The purpose of this Joint Report is to advise the Court of the parties' best estimate as to the time they will require to accomplish the specified pre-trial tasks.

**DISCOVERY PLAN**

I. **SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED**

Plaintiff's Statement:  Plaintiff intends to seek discovery regarding, among other things:

(i)  all documents produced in *Melgar v. Zicam LLC, et al.*, Civil Action No. 14-cv-00160-MCE

(E.D. Cal.); (ii) the amount of revenue derived by Defendants from the sales of the Products; (iii) the content of Defendants' advertisements, marketing materials, and other public statements; (iv) exemplars of the Products' packaging throughout the class period; (v) studies, trials, or any purported basis for Defendants' statements regarding the efficacy of the Products; (vi) Defendants' method of developing the Products; (vii) individuals consulted regarding the development of the Products; (viii) customer complaints regarding the Products; (ix) Defendants' refund policies and practices; (x) agreements and/or among and between Defendants regarding fees and payments related to advertising, endorsing, and distributing the Products; (xi) experts and evidence on which Defendants rely; (xii) the number of units of the Products sold during the class period; and (xiii) the identities and number of people who have purchased the Products.

Plaintiff notes that this case is substantially similar to *Melgar v. Zicam LLC, et al.*, Civil Action No. 14-cv-00160-MCE (E.D. Cal.), as both cases involve issues related to the efficacy of Defendants' Products. Plaintiff and Defendants are each represented by the same counsel in both action. Although *Melgar v. Zicam LLC, et al.*, Civil Action No. 14-cv-00160-MCE (E.D. Cal.) does not include New York residents or New York consumer protection law, Plaintiff expects significant overlap in discovery related to the issue of the efficacy of Defendants' Products.

Defendants' Statement: Defendants agree that this case is substantially similar to *Melgar v. Zicam LLC, et al.*, Civil Action No. 14-cv-00160-MCE (E.D. Cal.) which also involves claims related to the efficacy of Zicam. Defendants intend to seek a stay of this case pending the outcome of *Melgar*, which is set for trial on August 1, 2016. Plaintiff's Motion for Certification and Defendant's Motion for Summary Judgment in *Melgar* have been fully briefed. Defendants will be filing a letter requesting a pre-motion conference to be held during the Case Management Conference. In the event the stay is denied, Defendants intend to seek discovery regarding (I)

the facts and circumstances relating to Plaintiff's alleged purchase and use of Zicam and other cold products; (ii) the depositions of witnesses identified in discovery, putative class members and witnesses and experts whose declarations are submitted in support of the Plaintiff's motion for class certification; (iii) the facts and bases for Plaintiff's claims regarding the efficacy of the Product; (iv) the factual bases for Plaintiff's claims regarding the content of advertising for the Products and; (v) the evidence on which Plaintiff relies to prove the class certification.

## II.   PROPOSED DISCOVERY SCHEDULE

The parties do not anticipate the need to modify the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Southern District of New York.  Nevertheless, the parties reserve the right to stipulate to, or move the Court for, additional discovery as circumstances may warrant.

The parties propose the following schedule for discovery:

|  |  |  |
| --- | --- | --- |
| Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) | Plaintiffs: | No later than 14 days from this Order. |
|  | Defendants | No later than 14 days from the expiration or denial of the requested stay. |
| First request for production of documents and first request for interrogatories | May 16, 2016 |  |
| Submission of ESI Protocol and Protective Order | May 27, 2016 |  |
| Completion of (rolling) production of documents in response to first discovery requests | August 30, 2016 |  |

3

84804630.1

| | |
|---|---|
| Deadline for joinder of additional parties and amendment of pleadings: | January 15, 2017 |
| Close of fact discovery | June 12, 2017 |
| Plaintiff's expert disclosure (initial) | July 10, 2017 |
| Defendant's expert disclosure | August 10, 2017 |
| Close of expert discovery | October 16, 2017 |
| Deadline For Plaintiff's Motion For Class Certification | December 15, 2016 |
| Deadline for Defendants' opposition to Plaintiff's Motion For Class Certification | January 30, 2017 |
| Deadline for Plaintiff's reply in support of class certification | March 3, 2017 |
| Deadline for dispositive motions | November 15, 2017 |
| Deadline for oppositions to dispositive motions | December 15, 2017 |
| Deadline for replies in support of dispositive motions | January 15, 2018 |

## III.   Other Discovery Issues

### A. Expert Witnesses

Plaintiff's Statement.  Plaintiff anticipates presenting several expert witnesses, including experts on marketing, damages, science, and class notification.

Defendants' Statement. Defendants anticipate presenting several expert witnesses on the science of the cold, zinc cold remedies, marketing, damages, and class notification.

### IV. Settlement Prospects

The parties have previously engaged in settlement talks, but do not believe that additional settlement discussions would be productive at this stage in the litigation.  The parties remain open to additional settlement discussions as the litigation progresses.

### V. Consent To Proceed Before A Magistrate Judge

The parties have not consented to trial of the case by a magistrate judge.

Dated:  March 9, 2016                                          **BURSOR & FISHER, P.A.**


By:     */s/ Joseph I. Marchese*
            Joseph I. Marchese

            Scott A. Bursor
            Joseph I. Marchese
            Philip L. Fraietta
            888 Seventh Ave.
            New York, NY 10019
            Telephone: (646) 837-7150
            Facsimile:  (212) 989-9163
            Email:       scott@bursor.com
                              jmarchese@bursor.com
                              pfraietta@bursor.com

            Attorneys for Plaintiff

84804630.1

| | |
|---|---|
| Dated: New York, New York<br>March 9, 2016 | Respectfully Submitted,<br><br>DRINKER BIDDLE & REATH LLP<br><br>By: __/s/ *William A. Hanssen*_____<br><br>William A. Hanssen (admitted *pro hac vice*)<br>1800 Century Park East, Ste. 1500<br>Los Angeles, California 90067<br>Tel: (310) 203-4000<br>Fax: (310) 229-1285<br>William.Hanssen@dbr.com<br><br>Alan J. Lazarus (admitted *pro hac vice*)<br>Ashley K. Corkery (admitted *pro hac vice*)<br>DRINKER BIDDLE & REATH LLP<br>50 Fremont Street #2000<br>San Francisco, California 94105<br>Tel: (415) 591-7500<br>Fax: (415) 591-7510<br>Alan.Lazarus@dbr.com<br>Ashley.Corkery@dbr.com<br><br>Emily T. Broach<br>DRINKER BIDDLE & REATH LLP<br>1177 Avenue of the Americas, 41st Floor<br>New York, New York 10036<br>Tel: (212) 248-3140<br>Fax: (212) 248-3141<br>Emily.Broach@dbr.com<br><br>Attorneys for Defendants<br>ZICAM LLC and MATRIXX<br>INITIATIVES, INC. |