**DrinkerBiddle&Reath**
<span style="float:right">LLP</span>

William A. Hanssen
310-203-4070 Direct
310-229-1285 Fax
William.Hanssen@dbr.com

Law Offices

1800 Century Park East
Ste. 1400
Los Angeles, CA
90067-1517

310-203-4000 phone
310-229-1285 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

March 10, 2016

**VIA ECF AND E-MAIL (CHAMBERSNYSDSEIBEL@NYSD.USCOURTS.GOV)**

The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> **Re:** *Alan Gulkis v. Zicam LLC and Matrixx Initiatives, Inc.*,
> **Case No. 7:15-cv-09843 (CS)**

Dear Judge Seibel:

We represent Defendants Zicam LLC and Matrixx Initiatives, Inc. ("Defendants") in the above-captioned action. Pursuant to Your Honor's Individual Practices, Defendants write to respectfully request a pre-motion conference be held during the Case Management Conference previously scheduled by Your Honor on March 23, 2016 at 4:00 p.m. in anticipation of Defendants' Motion to Stay these proceedings pending the outcome of *Melgar v. Zicam LLC*, No. 14cv160 (E.D. Cal.), a case involving substantially similar issues that is currently set for trial on August 1, 2016.

### *Background*

Plaintiff Alan Gulkis ("Plaintiff") initiated this action on December 17, 2015. *See* Dkt. No. 1. Plaintiff alleges that Defendants engaged in false and misleading advertising by misrepresenting that their Zicam Pre-Cold Medicine Products (the "Products") shorten and reduce the severity of the common cold. *See id.* ¶¶ 1-4. He asserts claims for breach of express warranty and violations of New York General Business Law §§ 349 and 350, and seeks to represent a class consisting of all New York purchasers of the Products. *Id.* ¶¶ 6, 67.

Nearly two years prior to the filing of this action, however, Yesenia Melgar, represented by the same counsel as represent Plaintiff here, filed a nearly identical action involving the same Products against Defendants in the Eastern District of California (the "*Melgar* Action"). *See* First Amended Complaint, *Melgar v. Zicam LLC*, No. 14cv160 (E.D. Cal. Feb. 21, 2014), ECF No. 10 (attached hereto as Exhibit A). As in this case, Ms. Melgar alleges that Defendants engaged in false and misleading advertising by misrepresenting that the Products shorten and reduce the severity of the common cold. *See id.* ¶¶ 1-4. She alleges claims under California's consumer fraud statutes, for breach of the Magnuson-Moss Warranty Act, and for breach of express and implied warranties. *See id.* ¶ 5. While the amended complaint sought to certify a nationwide class and a California-only subclass (*see id.* ¶¶ 72-75), Ms. Melgar has subsequently reduced her proposed class to 10 jurisdictions, including California, for the time period from

Established 1849

# DrinkerBiddle&Reath

Judge Cathy Siebel
March 10, 2016
Page 2

February 15, 2011 to the present. *See* Melgar Reply in Support of Class Certification at 1 n.1, *Melgar v. Zicam LLC*, No. 14cv160 (E.D. Cal. June 10, 2015), ECF No. 41.

The Parties have vigorously litigated the *Melgar* Action. They have engaged in extensive discovery, and Ms. Melgar's motion for class certification, as well as two summary judgment motions and two *Daubert* motions filed by Defendants, are fully briefed. Trial has been set for August 1, 2016.

### *Motion to Stay*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision of whether to issue a stay is "firmly within a district court's discretion," *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal quotations omitted), and "[i]t is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors Ltd. v. Chuang*, No. 12cv3886, 2013 U.S. Dist. LEXIS 40382, at *6 (E.D.N.Y. Mar. 20, 2013) (granting a stay). Courts in this district consider the following factors when determining whether a stay is appropriate:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Each of these factors, which "have been applied, inter alia, to stay a federal action in light of a concurrently pending federal action . . . because the claim arises from the same nucleus of facts," weighs in favor of a stay in this case. *LaSala*, 399 F. Supp. 2d at 427 (internal quotations omitted).

First, Plaintiff will not be prejudiced by a stay. As set forth above, Ms. Melgar's motion for class certification and Defendants' motions for summary judgment are fully briefed, and trial has been set in the *Melgar* Action for August 1, 2016. *Melgar v. Zicam LLC*, No. 14cv160 (E.D. Cal. Oct. 20, 2015), ECF No. 104. A stay of this action pending the outcome of the *Melgar* Action will not prejudice Plaintiff. *See, e.g., Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11cv1608, 2012 U.S. Dist. LEXIS 150265, at *12-13 (S.D.N.Y. Oct. 17, 2012) (affirming magistrate judge's order staying the action pending the outcome of an appeal in a related action in part because the stay would be for a "limited period"). To avoid any potential prejudice, Defendants offered Plaintiff a tolling agreement if Plaintiff dismissed this action without prejudice. Plaintiff declined.

DrinkerBiddle&Reath

Judge Cathy Siebel
March 10, 2016
Page 3

Second, Defendants will be burdened in the absence of a stay. Should this case go forward, Defendants may be forced to undertake the burden and expense of duplicative discovery (which will not be limited to the discovery already produced in the *Melgar* Action), while at the same time preparing for trial.

Third, a stay is appropriate because it will conserve the resources of the Court, and, "[b]y conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources." *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) (internal quotations omitted) (granting a stay of the action pending the outcome of an appeal in the Eleventh Circuit). A stay "will best serve the interests of the courts by promoting judicial efficiency and minimizing the possibility of conflicts between different courts." *Id.* at 304 (internal quotations omitted). Moreover, while the decisions of the court in the *Melgar* Action will not "be binding on this Court, resolution of [the *Melgar* Action] may guide this Court in ruling on the key issues in this litigation." *Id.* at 304-05 (internal quotations and alterations omitted). Both the *Melgar* Action and this action arise out of the same nucleus of common facts and involve claims under state consumer protection acts challenging the efficacy of Defendants' Products. The resolution of the *Melgar* Action (whether through summary judgment or trial) will affect the positions the Parties take in this action and will likely simplify and streamline the issues before this Court. Ultimately, while the outcome of the *Melgar* Action "may not settle every question of fact and law at issue in [this action], it will in all likelihood settle many and simplify them all." *Trikona*, 2013 U.S. Dist. LEXIS 40382, at *9 (internal quotations omitted). A stay is therefore appropriate pending the outcome of the *Melgar* Action.

\*   \*   \*

Defendants respectfully request that the Court hold a pre-motion conference at the Case Management Conference scheduled on March 23, 2016 at 4:00 p.m. in anticipation of Defendants' Motion to Stay. We thank the Court for considering this request.

Respectfully submitted,

William A. Hanssen (admitted *pro hac vice*)

cc: All Counsel of Record (via ECF)
    L. Timothy Fisher, Esq. (via email w/o enclosure)

Enclosure